UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07CR307 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DECARLO SANDERS, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Defendant filed two motions seeking a reduction in his Sentence. In the first, Defendant seeks relief under § 404(b) of the First Step Act. (Doc. 62). In the second, Defendant seeks relief under the revised compassionate release statute codified in 18 U.S.C. 3582(c)(1). (Doc. 68). For the following reasons, the Court **DENIES** both requests.

**I. BACKGROUND FACTS**

In September of 2007, Defendant pleaded guilty to two counts of Distribution of Crack Cocaine. For these crimes, the Court sentenced Defendant to 120 months imprisonment and 5 years of supervised release. Defendant successfully completed his term of imprisonment and began his period of supervision on November 4, 2016.

Less than 3 years later, and while still on supervision, authorities arrested Defendant for trafficking narcotics. Specifically, Defendant was present in an abandoned house with large quantities of crack cocaine, marijuana and numerous

stolen firearms.[1]  When authorities entered the house, Defendant unsuccessfully attempted to flee.

On July 25, 2019, Defendant admitted to violating his terms of supervised release.  Subsequently, the Court revoked Defendant's supervision and sentenced Defendant to 48 months of custody with no supervision to follow.

Defendant now seeks a modification of this sentence, in large part based on the First Step Act of 2018.  On December 21, 2018, President Trump signed into law the First Step Act of 2018.  *See* FIRST STEP ACT of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194 (hereafter "First Step Act" or "the Act").  Two sections are relevant here.  The first, § 404 of the Act, retroactively applies the Fair Sentencing Act of 2010, which reduced mandatory minimum penalties for crack cocaine offenses.  *Id.*, 132 Stat at 5222.  The second, § 603(b) of the Act, increased the use of compassionate release by allowing defendants to file a request for release directly with district courts.  *Id.*, 132 Stat at 5239.

On July 22, 2020, Defendant filed his first Motion under § 404(b) of the First Step Act.  (Doc. 62).  The Government responded, ultimately deferring to the Court's discretion.  (Doc. 63).  Defendant (represented by counsel) then filed a Reply in support of terminating of his Federal sentence (Doc. 66) and a brief Supplemental Reply (Doc. 70).

---

[1] While initially named in 15 counts of a 21-count indictment in State Court, Defendant ultimately pleaded guilty to one count of Trafficking and one count of Possession of Criminal Tools.  He is currently serving a 48-month sentence for his State crimes.  (*See* Doc. 66).

On November 5, 2020, Defendant (this time represented by different counsel) filed a Motion for Compassionate Release. (Doc. 68). The Government opposed the request. (Doc. 69).

## II. LAW & ANALYSIS

Generally, a court may not modify an individual's term of imprisonment. 18 U.S.C. § 3582(c). There are a few exceptions to this rule, two of which Defendant claims apply to him.

### A. Section 404(b) of the First Step Act

One exception exists when the modification is "expressly permitted by statute[.]" *Id.* at § 3582(c)(1)(B). The First Step Act is such a statute that permits the modification of an individual's term of imprisonment. *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020). Section 404 of the First Step Act allows "[a] court that imposed a sentence for a 'covered offense'" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010…were in effect at the time the covered offense was committed." First Step Act, § 404(b) (internal citations omitted).

All agree that Defendant committed a covered offense and that he is eligible for relief under § 404 of the First Step Act. This remains true even though Defendant previously finished his original sentence in 2016. *See Johnson v. United States*, 529 U.S. 694, 700 (2000) ("post-revocation sanctions [are] part of the penalty for the initial offense"); *see generally*, *United States v. Richardson*, 960 F.3d 761 (6th Cir. 2020) (applying § 404 to a defendant serving a revocation sentence). The Court agrees and finds that Defendant is eligible for relief under § 404 of the First Step Act.

However, the Court, in its discretion, declines to grant Defendant's requested relief for three primary reasons. *See* First Step Act, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section").

First, even if the Fair Sentencing Act applied at Defendant's original sentencing, he would still face a mandatory minimum of 4 years supervision. Defendant violated the terms of his supervision less than 3 years after he started his supervision period. Thus, Defendant would not have received a benefit from a shorter period of supervision.

Second, the Court's sentence for the violation was lawful. Applying the Fair Sentencing Act, Defendant's conviction on Count 2 constitutes a Class B felony. *See* 18 U.S.C. § 3559(a)(2) (penalties greater than 25 years or more constitute a Class B felony); 18 U.S.C. § 841(b)(1)(B) (violations involving 28 grams or more of crack cocaine are subject to a statutory sentence of 5 to 40 years imprisonment). The maximum term of imprisonment for a supervised release violation of a Class B felony is 5 years. 18 U.S.C. 3583(b)(1). Here, the Court sentenced Defendant to a term of 4 years of custody for his violation. Thus, the Court's sentence was lawful.

Finally, as discussed in more detail below, the § 3553(a) factors do not favor release.

Accordingly, the Court declines to grant Defendant relief under § 404 of the First Step Act and denies Defendant's Motion. (Doc. 62).

**B.     Compassionate Release**

A second option for modifying a sentence exists under 18 U.S.C. § 3582(c)(1)(A), informally known as 'compassionate release.' As amended by the First Step Act, a defendant may ask the court for a modified sentence. § 3582(c)(1)(A). But before doing

so, the defendant must exhaust his administrative remedies. *Id.*; *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). And while it is not clear from the statute, the Third Circuit recently held that exhaustion under § 3582(c)(1)(A) does not require an appeal through the administrative appellate process. *United States v. Harris*, 2020 WL 4048690 (3rd Cir. July 20, 2020). Here, Defendant requested compassionate release from the Bureau of Prisons, which the Bureau subsequently denied. Accordingly, Defendant exhausted his administrative remedies.

After a defendant exhausts his administrative remedies, he may ask the court for compassionate release. Upon considering the § 3553(a) factors, a district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant…a reduction" and that "reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." § 3582(c)(1)(A)(i).[2]

The Sixth Circuit recently described a court's review as three-fold. First, "a court must 'find' whether 'extraordinary and compelling reasons warrant' a sentence reduction." *United States v. Jones*, --- F.3d ----, 2020 U.S. App. LEXIS 36620, *16 (6th Cir. Nov. 20, 2020) (quoting § 3582(c)(1)(A)(i)). Second, "a court must 'find' whether 'such reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* Relevant for step two, the *Jones* court determined that U.S.S.G. § 1B1.13 is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release. *Id.* at *17-18. Finally, after considering the applicable § 3553(a) factors, a court must "determine whether, in its discretion, the reduction

---

[2] There exists a second scenario that entitles a defendant to relief based on his age, but that section is inapplicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

authorized…is warranted in whole or in part under the particular circumstances of the case." *Id.* at *16-17.

Ultimately, "[t]he defendant has the burden to show that he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Here, the § 3553(a) factors do not weigh in favor of Defendant's early release. Even assuming Defendant's unsubstantiated medical conditions and the existence of COVID-19 at the facility constitute extraordinary and compelling reasons, they do not outweigh the balance of the relevant § 3553(a) factors. The nature and circumstances of the violation demonstrate a return to drug trafficking, involving the same narcotics as his prior conviction. And the new offense involved the presence of multiple firearms, some of which were stolen. Defendant's return to crime occurred within three years of his release from prison for the same activity. This behavior demonstrates Defendant's disrespect for the law, for Court orders and for the threat of incarceration. Defendant's prior term of incarceration neither rehabilitated Defendant nor deterred him from reoffending. Moreover, even if the Court were inclined to grant Defendant's request, he would remain in prison under State custody. Therefore, a reduced sentence of time served (less than 24 months) does not accomplish the goals of just punishment, deterrence, protection of the public and Defendant's rehabilitation.

### III. CONCLUSION

Although eligible for relief, the Court **DENIES** Defendant's Motion for Release under § 404(b) of the First Step Act. (Doc. 62). Similarly, because Defendant presents

- 7 -

a danger to the community and the § 3553(a) factors disfavor immediate release, the Court **DENIES** Defendant's Motion for Compassionate Release. (Doc. 68).

    **IT IS SO ORDERED.**

                                             s/ Christopher A. Boyko
                                             **CHRISTOPHER A. BOYKO**
                                             **Senior United States District Judge**

**Dated: December 3, 2020**